RP

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abo Obaida Hussein,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office,<br><br>    Defendant. | No. CV-05-1429-PHX-DGC (MEA)<br><br>**ORDER** |

Abo Obaida Hussein (Plaintiff), currently confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona (Fourth Avenue Jail), filed with the Clerk of the Court on May 16, 2005 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint). Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but has filed a certified "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with the Complaint, which includes an "Inmate Account Statement") (Account Statement).

**APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

Plaintiff's certified Application To Proceed and Account Statement filed with the Complaint make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's Application to Proceed will be granted.

- 1 -

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred and fifty dollars ($250.00) for this action. Plaintiff's Application To Proceed indicates that for the six (6) months preceding the filing of the Complaint Plaintiff's spendable average monthly balance was zero ($0.00) and his average monthly deposits were zero ($0.00). Accordingly, no initial partial filing fee will be assessed. 28 U.S.C. § 1915(b)(1). However, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred and twenty (120) days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within one hundred and twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

Plaintiff also should take notice that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The Court is required to screen complaints or amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed without leave to amend because the Complaint cannot be saved by amendment.

**COMPLAINT**

Plaintiff alleges one (1) count in his Complaint. (Complaint at 4).

Named as Defendant in the Complaint is the Maricopa County Sheriff's Office. (Complaint at 1-2).

Plaintiff seeks a jury trial, dismissal of his state criminal case,[1] and monetary

---

[1] Dismissal of a state criminal case is not a remedy that is available in a federal civil rights action. It is well-settled that relief affecting the fact or duration of confinement is cognizable only upon application for a writ of habeas corpus. Preiser v. Rodriquez 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539 (1974); Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser, 411 U.S. at 488-490). Moreover, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a

1   damages. (Complaint at 7).

2   **DISMISSAL OF DEFENDANT**

3   **Maricopa County Sheriff's Office**

4   The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the
5   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
6   See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
7   creation of the county sheriff to allow him to carry out his statutory duties, and not a
8   "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's
9   Office is subject to dismissal from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
10  1915A(b)(1) for failure to state a claim upon which relief may be granted.

11  **FAILURE TO STATE A CLAIM**

12  The deficiencies in Plaintiff's Complaint go beyond his failure to name a proper
13  Defendant. In Count I of the Complaint, Plaintiff claims that unspecified rights were
14  violated when all of his personal property was lost during a transfer from one housing unit
15  to another. (Complaint at 4).

16  In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct
17  of the Defendant deprived him of a federal constitutional right. Haygood v. Younger, 769
18  F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). However,
19  Plaintiff makes no reference whatsoever to a federal constitutional right in Count I of his
20  Complaint.

21  Moreover, in general claims of "negligence" do not support a claim under 42 U.S.C.
22  § 1983. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Specifically,
23  where the negligent conduct of a prison official causes the loss of a prisoner's property,
24  the loss does not amount to a deprivation under the Due Process Clause. Daniels v.
25  Williams, 474 U.S. 329, 331-332 (1986) (overruling Parratt v. Taylor, 451 U.S. 527 (1981), to

---

27  federal court in most circumstances from directly interfering with ongoing criminal proceedings in
28  state court.

- 4 -

the extent that <u>Parratt</u> states that "mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). "[T]he Due Process Clause is simply not implicated by a <u>negligent</u> act of an official causing unintended loss of or injury to life, liberty or property." <u>Daniels</u>, 474 U.S. at 328 (emphasis in original). Accordingly, Count I will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## DISMISSAL OF COMPLAINT AND ACTION

Although <u>pro se</u> pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982); <u>Rhodes v. Robinson</u>, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. <u>Ivey</u>, 673 F.2d at 268.

Because no Defendants or claims now remain, and because Plaintiff has failed to allege a constitutional violation, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Moreover, because it is clear from the face of the Complaint that the deficiencies in the Complaint can not be cured by amendment, the Court's dismissal will be without leave to amend, and the Court will order that the action be dismissed and judgment entered. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>citing</u> <u>Broughton v. Cutter Lab</u>, 622 F.2d 458, 460 (9th Cir. 1980)).

## MOTION FOR COUNSEL

On September 15, 2005, Plaintiff filed a "Motion 'Need Lawyer'" (Document #4) (Motion). There is no constitutional right to appointment of counsel in a civil case. <u>See</u> <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982); <u>Randall v. Wyrick</u>, 642 F.2d 304 (8th Cir. 1981). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. <u>Terrell</u>

1 v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

2, 3, 4, 5, 6  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

7, 8, 9  Having considered both elements, it does not presently appear that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's Motion will be denied.

10  **IT IS THEREFORE ORDERED:**

11, 12  (1) That Plaintiff's "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

13–21  (2) That Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred and fifty dollars ($250.00) for this action. Based on average monthly balances and deposits of zero ($0.00), Plaintiff will NOT BE ASSESSED an initial partial filing fee. However, Plaintiff will be OBLIGATED for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). All fees shall be collected and paid in accordance with this Court's Order to the Maricopa County Sheriff filed concurrently herewith;

22  (3) That Plaintiff's "Motion 'Need Lawyer'" (Document #4) is DENIED;

23–26  (4) That the "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) and this action are DISMISSED WITHOUT LEAVE TO AMEND pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted, and the Clerk of the Court is DIRECTED TO ENTER JUDGMENT accordingly;

27  (5) That the Clerk of Court is also DIRECTED TO MAKE AN ENTRY on the docket

28

in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 21st day of December, 2005.

```
                                    David G. Campbell
                                    United States District Judge
```